**United States Bankruptcy Court**
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey  08101

**JUDITH H. WIZMUR**  (856) 757-5126
Chief, U.S. Bankruptcy Judge

August 23, 2010

Samuel A. Dion, Esq.
Dion & Goldberger
1616 Walnut Street, Suite 1100
Philadelphia, PA 19103

Scott I. Fegley, Esq.
301 Oxford Valley Road
Suite 402 A
Yardley, PA 19054

FILED
JAMES J. WALDRON, CLERK

August 23, 2010

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

Re:  Francis W. Johnson v. Rebecca Myers
     Case No. 10-20245/JHW
     Adver. No. 10-1731
     **LETTER OPINION**

Dear Counsel:

In this adversary proceeding, the plaintiff seeks a determination that her claim against the defendant/debtor, Frank Johnson, is nondischargeable under Section 523(a)(6). The plaintiff contends that the actions of the defendant, Frank Johnson, a principal of the plaintiff's employer, together with her immediate supervisor, Michael Nolan, and the firm with which she was employed, Garfield and Johnson Enterprises, Inc., and its franchisor, Jackson Hewitt, Inc., constituted unlawful employment practices, including violations related to sexual harassment, retaliation and constructive discharge. The defendant moves to dismiss the complaint under Fed.R.Bank.P. 7012(b), with reference to Fed.R.Civ.P. 12(b)(6).

1

The plaintiff cites to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e (West 2010) et seq., and the Pennsylvania Human Relations Act, 43 P.S. Section 952, as well as tort claims under Pennsylvania common law, charging that her employer, Garfield & Johnson Enterprises, Inc., and its franchisor, Jackson Hewitt, Inc., violated Title VII and the Pennsylvania Human Relations Act, and committed common law torts against her. As to the debtor/defendant Johnson, in Counts 9 and 10 of the complaint filed in the United States District Court for the Eastern District of Pennsylvania,[1] the plaintiff charges the defendant Johnson with intentionally engaging in sexually harassing conduct in the workplace, and with the "negligent infliction of emotional distress."

The defendant contends that the plaintiff's underlying claims do not set forth a sufficient basis to determine the alleged debt owed to the plaintiff to be non-dischargeable under § 523(a)(6), because the elements of the common law torts described in the complaint, particularly the common law torts of assault and intentional infliction of emotional distress, are not set out by the alleged facts. Because these causes of action could not be established under Pennsylvania common law, there is no legal injury to the plaintiff to support her claim.

The elements of nondischargeability are defined by federal law. In re Patel, No. 08-1273, 2010 WL 702305 at *4 (Bankr. D.N.J. Feb. 22, 2010). Section 523(a)(6) requires a plaintiff to demonstrate that he or she holds a debt

---

[1] While the plaintiff sets out the basic factual predicates for her claim against the debtor in this adversary complaint, she also relies on the more expansive description in the complaint she filed in federal court against various defendants.

2

"for wilful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "A wilful injury is 'a deliberate or intentional invasion of the legal rights of another, because the word 'injury' usually connotes legal injury . . . in the technical sense.'" Sells v. Porter (In re Porter), 539 F.3d 889, 894 (8th Cir. 2008) (quoting Geiger v. Kawaauhau (In re Geiger), 113 F.3d 848, 852 (8th Cir. 1997) aff'd, 523 U.S. 57. "Maliciousness is conduct 'targeted at the creditor at least in the sense that the conduct is certain or almost certain to cause harm'". Id. (Citation omitted.).

Here, the described actions of the defendant Johnson may certainly be characterized as deliberate or intentional. As well, these actions, if proven, could readily be said to be targeted at the plaintiff and either certain or almost certain to cause the plaintiff harm. The defendant asks us to focus on whether the plaintiff can sustain a nondischargeability complaint on the common law cause of action for intentional infliction of emotional distress, as pled in the complaint, in light of the asserted lack of outrageousness, and the missing element of retaliation in the allegations. The defendant cites to the case of Hoy v. Angelone, 720 A.2d 745 (Pa. 1998), in which the Pennsylvania Supreme Court held that a claim of intentional infliction of emotional distress may be proven "only if conduct is extreme and clearly outrageous." As well, the Court noted that retaliatory conduct "is a critical and prominent factor in assessing the outrageousness of an employer's conduct." The defendant argues here that the conduct described in the complaint was not "extreme and clearly outrageous," and the absence of allegations regarding retaliatory conduct by the defendant furthers the defendant's contention that the complaint should be dismissed.

In Hoy, the facts were similar to the case presented here. The

3

Pennsylvania Supreme Court concluded that while the record established sexual harassment and a sexually hostile work environment, no recovery for the intentional infliction of emotional distress was permissible because "the conduct exhibited . . . while unacceptable, was not so extremely outrageous . . . that [it] would allow for recovery under this most limited of torts. Importantly, there is absolutely no evidence that [a]ppellees retaliated against [a]ppellant." Id. at 755. However, the Court left undisturbed the verdict of the jury to award damages to the plaintiff for her claims under the Pennsylvania Human Relations Act.

The defendant is correct that a cause of action for intentional infliction of emotional distress might not be sustainable under Pennsylvania common law on the facts alleged here. But that does not mean that the plaintiff is not able to establish a legal injury under either Title VII or the Pennsylvania Human Relations Act. As reflected in Sells v. Porter, 539 F.3d at 894, an employee who suffers the loss of the legal right to be free from sexual harassment suffers a legally cognizable injury. In Hoy, it must be noted that even though the plaintiff's cause of action based on the intentional infliction of emotional distress failed, the plaintiff's award for damages under the Pennsylvania Human Rights Act was not disturbed.[2]

Here, if proven, the allegations support the proposition that Johnson knew that the plaintiff would be harmed by his actions and that she was the

---

[2] I note that Count 11 of the amended complaint cites "negligent infliction of emotional distress." The plaintiff acknowledges that such a tort must fail here. However, it is difficult to understand how the alleged actions of the defendant here, as described in the complaint, could be characterized as negligent rather than intentional.

only target of his unjustifiable and inexcusable actions. As in the <u>Sells</u> case, he not only compounded the plaintiff's problems by supporting her harassor's actions, he also engaged in direct harassment of the plaintiff himself. If proven, his actions might constitute "willful and malicious injury."

I conclude that to the extent that the plaintiff's nondischargeability complaint relies on the Pennsylvania common law tort of intentional infliction of emotional distress, the defendant's motion to dismiss may be granted. However, the plaintiff's complaint, as set forth in this adversary proceeding, alleging that the plaintiff's claim is nondischargeable under Section 523(a)(6), may proceed.

Defendant's counsel is directed to submit an order in conformance with this opinion.

             Very truly yours.

             JUDITH H. WIZMUR
             CHIEF JUDGE
             U.S. BANKRUPTCY COURT

JHW:tob